TIMOTHY D. BARROW, ESQ.
148 Main Street
Lebanon, New Jersey 08833
(908) 236-2229
Attorney for Plaintiff

<div style="text-align:center">

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

</div>

---------------------------------------------------------
SUPERIOR TOWING AND TRANSPORT, LLC,          :     *Document Electronically Filed*

                Plaintiff,          :     CIVIL ACTION _____

    vs.                                            HON.

NAVISTAR, INC.,                       :     COMPLAINT

                Defendant.          :
---------------------------------------------------------

The Plaintiff herein, by its attorney, Timothy D. Barrow, complaining of the above named Defendant, alleges upon information and belief:

<div style="text-align:center">

**THE PARTIES**

</div>

1. At and during all times hereinafter mentioned, Plaintiff, SUPERIOR TOWING AND TRANSPORT, LLC, was and is a limited liability company organized and existing under and by virtue of the laws of the State of New Jersey with an office and place of business at 1239 U.S. Highway 22, Lebanon, New Jersey 08833.

2. At and during all times hereinafter mentioned, Defendant, NAVISTAR, INC., was and is a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal office and place of business at 2701 Navistar Drive, Lisle, Illinois 60532. Said Defendant does business in New Jersey, is authorized to do business in this State and has designated Corporation Service Company, 100 Charles Ewing Blvd., Suite 160, Ewing, New Jersey 08628 as its corporate agent for service of process in New Jersey.

3. Plaintiff SUPERIOR TOWING AND TRANSPORT, LLC ( hereinafter referred

to as "SUPERIOR) was and is engaged in business as an authorized provider of towing services that includes recovery, towing, transport and storage, *inter alia*, of vehicle(s) that have been believed to be abandoned and then are subsequently impounded at one of its storage facilities until and unless the legal owner presents itself, herself or himself to SUPERIOR to take possession and/or delivery of any such vehicle(s) upon payment of all incurred fees to SUPERIOR.

4. Defendant NAVISTAR, INC (hereinafter referred to as 'NAVISTAR") was and is engaged in business, *inter alia*, as a purchaser and/or owner of used motor tractors.

## JURISDICTION AND VENUE

5. Plaintiff's causes of action are claims within the diversity jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1332, as the parties herein are citizens of different States, with principal offices of business in different States and the amount in controversy exceeds $75,000 as well as this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper and appropriate for this action pursuant to 28 U.S.C. 1391 (b) (2) and (3) said Defendant is subject to personal jurisdiction in this District at the time of commencement of suit and a substantial part of the events giving rise to the claims occurred within this District.

## THE FACTS

7. On or about September 19 through 22, 2022, Plaintiff SUPERIOR's New Jersey office was contacted and requested to tow and transport a certain number of used motor tractor units from Central Transport's terminal in Bath, Pennsylvania as they were abandoned and to be impounded by SUPERIOR after the motor tractors were allegedly purchased, but were not removed from Central Transport.

8. On September 19 through 22, 2023, Plaintiff SUPERIOR dispatched its own tow trucks from New Jersey to remove a total of 12 motor tractors from Central Transport which then were transported and subsequently impounded at its Allentown, Pennsylvania temporary storage yard.

9. On September 23, 2022, Plaintiff SUPERIOR sent an e-mail to both the would be end purchaser NAVISTAR and initial purchaser Allegiance Trucking of the used motor tractor units from Central Transport which confirmed 12 trucks were impounded with the last six digits of these 12 respective units VIN #s (Vehicle Identification Numbers) identified.

10. In this same e-mail referenced by Paragraph 9. herein, Plaintiff SUPERIOR notified both Defendant NAVISTAR and Allegiance Trucking that "[t]hese units continue to accrue daily storage fees."

11. Plaintiff SUPERIOR sent formal written notice of the impoundment of the 12 subject tractors by a certified mail letter – return receipt requested on September 26, 2022 to Defendant NAVISTAR and also Allegiance Trucking confirming "these trucks continue to accrue daily storage fees" and to contact its New Jersey office to arrange for pick-up of the trucks.

12. Defendant NAVISTAR received and signed for the aforementioned SUPERIOR certified letter on September 29, 2022. No response was received from NAVISTAR to this certified notice letter. True and correct copies of this certified letter and return signed receipt by NAVISTAR is attached hereto as Exhibit 1 and made part of this Complaint.

13. Plaintiff SUPERIOR understood that Defendant NAVISTAR was to provide for the disposition of these 12 impounded used tractor units as the end purchaser of the same.

Plaintiff SUPERIOR traced NAVISTAR by e-mail on November 1, 2022 advising storage fees continued to accrue and requested NAVISTAR contact SUPERIOR in regard to the same which was followed up with another e-mail on November 2, 2022 to NAVISTAR by SUPERIOR.

14. Defendant NAVISTAR (Brock Frederick) texted Plaintiff SUPERIOR (Michael Girgis) saying it needed the address in Allentown, PA for transport of the subject units which SUPERIOR texted in reply with a request for an estimated date for pick-up by NAVISTAR or those acting on its behalf.

15. Plaintiff SUPERIOR (Michael Girgis) texted Defendant NAVISTAR (Brock Frederick) on November 4, 2022 asking for a date for NAVISTAR's truck movers and offered to tow the subject motor truck units to Philadelphia. NAVISTAR responded by text reply that the pickup would be November 15th or 16th and inquired what SUPERIOR's tow charge to Philadelphia. SUPERIOR reply texted it would be $800 per truck and 4 trucks a day starting Monday November 7, 2022.

16. Plaintiff SUPERIOR provided NAVISTAR its W-9 and bank details for wiring the monies due and owing to SUPERIOR by e-mail of November 4, 2022.

17. Defendant NAVISTAR requested an updated invoice be provided to them by SUPERIOR for delivery of the subject motor tractor units to Philadelphia which SUPERIOR sent by attachment to its e-mail on November 18, 2022 with charges accrued through November 23, 2022.

18. Defendant NAVISTAR again requested an updated invoice be provided by SUPERIOR for delivery of the subject motor tractor units to Philadelphia which SUPERIOR sent by attachment to its e-mail on December 5, 2022 with charges accrued through December 9, 2022.

19. Plaintiff SUPERIOR (Michael Girgis) texted NAVISTAR (Brock Frederick) on December 8, 2022 inquiring whether SUPEROR was on track to be paid by NAVISTAR by the next day.

20. On December 13, 2022, Defendant NAVISTAR (Brock Frederick) texted SUPERIOR (Michael Girgis) stating that SUPERIOR would receive information on payment from NAVISTAR. A reply text was sent by SUPERIOR (Michael Girgis) that same day advising NAVISTAR that the SUPERIOR invoice would need to be adjusted and updated for additional storage fees. Follow up texts were sent by SUPERIOR (Michael Girgis) to NAVISTAR (Brock Frederick) requesting updates on December 14, and 21, 2022 that were not responded to by NAVISTAR.

21. On January 6, 2023, Plaintiff SUPERIOR sent an e-mail and text to Defendant NAVISTAR that two additional motor truck units were impounded that day from Central Transport identifying the same with specific VIN #s to bring the total of vehicles in SUPERIOR'S possession to 14 units. These two trucks were picked up by Allegiance Trucking at the request of NAVISTAR from SUPERIOR and charges paid pursuant to SUPERIOR invoices dated January 13 & 19, 2023. the original 12 tractor units remained in SUPERIOR'S possession awaiting disposition by NAVISTAR.

22. Other motor tractor units were received into the possession of Plaintiff SUPERIOR between February 3 & 6, 2023 for an additional 5 motor tractor units bringing the total to 17 units. Defendant NAVISTAR arranged and made payment to Plaintiff SUPERIOR for these 5 additional motor tractor units' accrued storage charges and delivery to NAVISTAR's designated used truck dealership in Philadelphia. Plaintiff SUPERIOR undertook and completed the delivery of the 5 additional tractor units as arranged by Defendant NAVISTAR with its invoice pertaining to the same resent to NAVISTAR on February 15, 2023 as per NAVISTAR's request.


23. On February 28, 2023, Defendant NAVISTAR requested an invoice quote for (a) towing for delivery to Philadelphia, PA by SUPERIOR, and alternatively, (b) for pick-up at Allentown, PA by NAVISTAR or by someone acting on their behalf -- of the remaining 12 motor tractor units to occur between March 14 – 16, 2023. This request was confirmed on March 2, 2023 by e-mails between the parties herein with two separate SUPERIOR invoices attached to SUPERIOR's e-mail in accord with Defendant NAVISTAR's instruction. True and correct copies of each above requested invoice are annexed hereto by Exhibit 2 and made part of this Complaint.

24. Despite having been notified by e-mails sent by SUPERIOR on March 16, 2023 and March 20, 2023 to NAVISTAR in regard to the action to be taken with respect to the 12 remaining tractor units, SUPERIOR advised "that time was of the essence", they required an update and that the lack of communication "can't go on" without legal action, Defendant NAVISTAR failed to reply to these two e-mails.

25. The 12 motor tractor units that are the subject of this action remain in the possession of Plaintiff SUPERIOR accruing significant storage charges for the account of Defendant NAVISTAR as well as for towing charges for the removal of the tractor units from Central Transport and related expenses.

26. At no time has Defendant NAVISTAR disagreed, disputed, challenged, questioned or in any manner objected to the amount or rates of the accrued storage and towing charges incurred for these 12 motor tractor units that have been invoiced several times to NAVISTAR by SUPERIOR pursuant to said Defendant's request.

27. Plaintiff is entitled to bring and maintain this action and also brings this action on the behalf of any others that may have an interest in the 12 subject motor tractor units as they

may appear.

28. Plaintiff has duly performed all duties and obligations on its part to be performed.

**PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT**

**COUNT ONE – BREACH OF CONTRACT**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 28 of the within Complaint in their entirety, as if set forth herein at length.

30. As purchaser and/or owner of the impounded 12 subject motor tractor units, Defendant had been notified of SUPERIOR's possession of these towed trucks and that storage charges were being accrued on a daily basis for the same for Defendant NAVISTAR's account.

31. As Defendant NAVISTAR having provided instructions for removal of certain tractor units, arranged for the payment of other tractor units' storage & tow charges and/or delivery from SUPERIOR, soliciting invoices be presented by SUPERIOR for payment, obtaining bank details for the transfer of payment to SUPERIOR, a course of conduct and business between the parties evidence a contract and promise to make payment for the storage, tow and related charges accruing for the 12 tractor units being held for NAVISTAR'S account and benefit.

32. The said Defendant's failure to make full and timely payment to Plaintiff for the invoiced charges are breaches of contract by said Defendant causing Plaintiff to incur additional expense.

33. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $544,650.00 as of June 23, 2023 which is the date of filing of this Complaint.

### COUNT TWO – BOOK ACCOUNT

34. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 28, 30 & 31 of the within Complaint in their entirety as if set forth herein at length.

35. As there has been an express or implied agreement between the parties herein as to the rates and amounts charged, there is due the principal of $544,650.00 from the Defendant NAVISTAR on a certain book account, a true copy of which is annexed hereto and made a part hereof by Exhibit 3. Payment of the aforesaid sum has been demanded

36. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $544,650.00 as of June 23, 2023 which is the date of filing of this Complaint.

### COUNT III – REASONABLE VALUE OF SERVICES

37. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 28 of the within Complaint in their entirety as if set forth herein at length.

38. The charges invoiced by Plaintiff have provided benefits to Defendant NAVISTAR directly.

39. Plaintiff sues Defendant NAVISTAR for the reasonable value of the services provided in good faith and accepted by NAVISTAR with the expectation of compensation that Defendant NAVISTAR was to pay a reasonable price for same as set forth in the annexed Exhibit 3.

40. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $544,650.00 as of June 23, 2023 which is the date of filing of this Complaint.

WHEREFORE, Plaintiff demands:

1. That process in due form of law according to the practice of this Court may issue against said Defendant.

2. That a decree of judgment may be entered in favor of Plaintiff and against Defendant NAVISTAR for the minimum amount of Plaintiff's damages of $544,650.00 or such other damages to be established at trial, together with pre & post judgment interest, costs incurred, and reasonable attorney's fees.

3. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

s/ Timothy D. Barrow

TIMOTHY D. BARROW
Attorney for Plaintiff

Dated: June 23, 2023
Lebanon, New Jersey